## THE PEOPLE, APPELLANTS, *v.* H. L. PRESTON AND WELLS D. WALBRIDGE, RESPONDENTS.

REVENUE—TAXES—INJUNCTION.—The purpose of section 3 of the revenue act, making the taxes a lien on the property, and declaring that it shall not be removed until the taxes are paid, is to secure the payment of the taxes. If the payment of a judgment for taxes is secured by an undertaking on appeal, an injunction ought not to be granted to prevent the removal of the property.

APPEAL from the third judicial district, Owyhee county. Judgment was rendered against the Webfoot Mill for taxes; the defendants appealed, and executed a stay bond in double the amount of the judgment and costs. The defendants thereafter were about to take and carry away the mill, whereupon the plaintiffs brought action and prayed an injunction to restrain defendants from removing the same. The district court refused the injunction, and from that order the plaintiffs appealed

*L. P. Higbee,* for the appellants:

Appeal and stay bond does not destroy or release the lien. (*Englund* v. *Lewis,* 25 Cal. 337; *Low* v. *Adams,* 6 Id. 277.) Mortgage liens are analagous to the tax lien, and courts of equity always protect mortgage liens, by injunction, against threatened waste or destruction of the mortgaged property. (1 Hilliard on Mortgages, 226–234 ; Willard's Eq. Jur. 369–381; Story's Eq., secs. 912–915.)

*Rosborough & Preston,* for the respondents.

Opinion by LEWIS, J. NOGGLE, C. J., and WHITSON, J., concurred.

The plaintiffs filed a bill in equity to restrain defendants from moving certain mill property from the territory, alleging that a judgment was rendered against the property, to wit, the Webfoot Mill, January 22, 1870, for the taxes for 1869, in the Owyhee district court. That no part of the judgment has been paid. That the judgment is a lien upon the property. That an appeal has been taken from the judgment to the supreme court of the territory. That execution has been stayed. The defendants filed ·no answer, and the court below made ,an order and decree dismissing the bill, on the grounds that there was no equity in the bill, from which order and decree the plaintiff appealed.

The sole question presented by the record is, whether there be any equity in the bill. Section 3 of the revenue act gives the plaintiff a lien upon the property assessed, and declares that the lien shall not be satisfied or removed until the taxes are paid; and so also, on judgment rendered, the lien continues (sec. 41). The bill discloses the facts that defendants are about to tear down and remove the mill beyond the limits of the territory, and that the lien will be lost, and that the judgment will be rendered worthless.

The object and purpose of the law in giving the lien is doubtless to secure the payment of the taxes. The plaintiff, however, insists that as the law gives the lien, this court should preserve and protect it. It is true, that the law

techincally gives such lien, that it is so provided; but when the object of the law is accomplished, and the reason ceases, the rule should not be applied. It is shown that the defendants have taken an appeal, and this the law declares they may do; that for the purpose of securing the payment of the judgment, a bond has been filed in double the amount of the judgment, with ample sureties, which the law declares shall stay the proceedings, and such bond stands in the place of a deposit of a sum of money equal to the amount of the judgment.

Where a party has a remedy at law, he can not come into a court of equity. (Hilliard on Injunctions, page 15.) It is also said that an application to a court of chancery for the exercise of its prohibiting powers, must come recommended by the dictates of conscience, and sanctioned by the clearest principles of justice; that the process of injunction should be applied with the utmost caution. (Hilliard on Injunctions, sec. 18.) Does the case at bar come within the purview of the above rule? Is it in accordance with the principles of equity and good conscience that when, as disclosed by the bill, the plaintiff has full, perfect, and ample security for the payment of the taxes, the writ should be issued? We think such is not the purpose of the law, and most clearly it is not in accordance with the principles of equity.

Wherefore, inasmuch as there is no equity in the bill, the judgment and order of the district court is affirmed.